IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL JASON CORBELLO | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv593 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION

Michael Jason Corbello, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255.

### Factual Background and Prior Proceedings

On March 25, 2008, pursuant to a plea of guilty entered in accordance with a written plea agreement, movant was convicted of possessing stolen mail matter. He was sentenced to 37 months imprisonment. Movant did not appeal his conviction or sentence.

Movant subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion to vacate was denied by this court on July 7, 2008. *Corbello v. United States*, No. 1:08cv287.

### Discussion

After considering the prior proceedings in movant's case, it must be concluded that the current filing constitutes a second or successive motion to vacate, set aside or correct sentence. Pursuant to 28 U.S.C. § 2255, a second or successive motion to

vacate may only be entertained by a district court if it has been certified by the appropriate court of appeals to be based on either: (1) newly discovered evidence that if proven would prevent any reasonable factfinder from finding the movant guilty of the offense charged or (2) a previously unavailable new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

As described above, movant previously filed a motion to vacate, set aside or correct sentence challenging his conviction. Accordingly, movant must receive permission from the United States Court of Appeals for the Fifth Circuit before he may proceed with a second motion to vacate. As movant does not state he has received such permission, his current filing must be dismissed without prejudice as successive.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be dismissed without prejudice for failure to obtain permission fro the Fifth Circuit. A judgment shall be entered in accordance with this memorandum opinion.

**SIGNED** this the **29** day of **October, 2012.**

Thad Heartfield
United States District Judge